Milligan, J.,
delivered the opinion of the Court.
This case stands upon exceptions to the Master’s report, which involve the construction of the Act of As *360 sembly, providing for a “year’s support'’to widows and their families, after the death of their husbands.
The complainant dissented from her husband’s Will; and, upon her application, Commissioners were regularly appointed to set apart so much of the personal estate of her husband, as might be necessary for the support of herself and family for one year after the death of the testator. The Commissioners qualified, and proceeded to assign her one hundred dollars in money, and various other articles of the personal estate of the testator, some of which were not “on hands” at the time of the assignment. The value of the specific articles assigned to her, and not delivered, because they were not “on hands,” including a horse purchased by the widow, at the executor’s sale, which she claims under the exemption laws, is stated by the Master at $309.74. The executor excepted to this item in the report, which was overruled by the Chancellor, and the report confirmed; from which the defendants prosecute an appeal in error to this Court.
Two questions are presented in the record for our determination :
1st, Whether the widow of an intestate husband is entitled to charge the estate of her deceased husband with the value of all the various articles of personal property enumerated in the Code, secs. 2107-2110, inclusive, as exempt from execution; or, whether she is entitled to such articles only, in specie, as are “on hands” at her husband’s death?
2d, Whether or not, she is entitled to an allowance *361 out of tbe husband’s estate, for the value of such articles as may be designated in the Commissioner’s report, assigning her a year’s support, which were not “on hands” at the death of her husband?
1. In answer to the first inquiry, it is, perhaps, proper to say, that, by the Statute, (Code, sec. 2288,) as well as the uniform course of decisions in this State, a widow, when she dissents from, and rejects, the bequests of her husband’s Will, is at once let into all the rights that the law would have conferred upon her, in case of the intestacy of her husband: Armstrong’s Administrator vs. Park’s Devisees, 9 Hum., 195.
The Act exempting certain articles of property from execution, (Code. 2107,) declares they shall be exempt from seizure or attachment in the hands of heads of families; and section 2288, extends the benefit of this exemption, in terms, to widows, and vests the title to such property in her, without regard to the size or solvency of the estate of the deceased, for herself, and in trust for the benefit of the children of the deceased, or of the widow, or of both; and declares it shall not go to the executor or administrator.
On the death of the intestate, or dissent of the widow, the title, by operation of law, instantly vests in the widow. The personal representatives have no control or dominion over it, unless, perhaps, as this Court has said, in the case of Curd’s Ad’mr vs. Curd, (9 Hum., 171,) “upon failure of the widow to make a selection, in proper time, to have the various articles to which by law she may be entitled, selected and set apart for *362 her beuefit, he can exercise no dominion over such property, as against her knowledge or consent; and the exercise of any such control or dominion, is a conversion for which he is responsible in damages in an action of trover.”
From this view of the Statute, it would seem to follow, as a necessary consequence, that the widow, in case of intestacy, is entitled to all the articles in specie, enumerated in the Statute as exempt from execution, which are “on hands” at the death of her husband; or such only as are in the hands of the executor, in case of dissent, at the time of such dissent, and to none other. Any other construction would lead to absurdities too gross, to suppose, for a moment, the Legislature ever contemplated them.
2d, The principles that must resolve the second inquiry, are very analogous to those which are applicable to the first. The Act of 1837, ch. 13, which was drawn from the Act of 1813, ch. 119, sec. 2, has been, substantially, carried into the Code. Sections 2285 and 2286, are as follows: “Upon the application of the widow of an intestate, or of a widow who dissents from her husband’s Will, the County Court shall appoint three disinterested freeholders, unconnected with her, either by consanguinity or affinity, who, being first duly sworn to act impartially, shall set apart so much of the crop, stock, provisions, money on hands, or due, or other assets, as may be necessary for the support of such widow and her family, until the expiration of one year after the decease of her husband. And the money and effects *363 so set apart, shall be the absolute property of the widow for said uses, and shall not be taken into the account of the administration of the estate of said intestate, nor seized upon any precept -or execution.”
The obvious intention of the Legislature in passing this Statute, was, to provide a temporary support for the widow and her family, immediately on the death of her husband, and to furnish a cheap and expeditious mode of carrying it into execution. The Commissioners are clothed with authority, by law, to separate from the aggregate personal estate, so much of the articles mentioned in the Statute, as, in their impartial judgment, may be necessary for the support of the widow and her family for one year after the death of her husband, and to set it apart for her use. By the act of separation, and subsequent confirmation of their report, the title to the specific property thus set apart, becomes absolutely vested in the widow. The personal representative has no control over it, nor is it chargable with any part of the expenses of the administration.
The Commissioners may set apart “money on hands or dueand if the former, it passes at once to the widow; but if the latter, whether a right of action would immediately accrue to the widow, on the note or other security evidencing the money due, without the intervention of a personal representative, need not now be decided, and is expressly reserved. But the Commissioners cannot go beyond the provisions of the Statute. They derive all their authority from it; and whenever they transcend its authority, their action is a mere nullity. They cannot vest the widow with title to any articles of personal *364 property, not on hands at the time of their action, or clothe her with rights not conferred by the Statute.
It follows, from this view of the case, that the Chancellor erred in disallowing the exceptions to the Master’s report, for which his decree must he reversed, and a decree entered here according to this opinion.